**LABORER'S INTERNATIONAL UNION OF NORTH AMERICA, Local Union No. 169, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Frehner Construction Company,
Respondent–Intervenor.

National Labor Relations
Board, Petitioner,

v.

Laborer's International Union of
North America, Local Union
No. 169, Respondent.

Nos. 08–71053, 08–71763.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2009.

Filed June 23, 2009.

Michael E. Langton, Esquire, Reno, NV, for Petitioner.

James T. Winkler, Esquire, Littler Mendelson, PC, Las Vegas, NV, for Respondent–Intervenor.

Linda Dreeben, Assistant General Counsel, Robert James Englehart, Supervisory, Steven B. Goldstein, NLRB–National Labor Relations Board, Washington, DC, for Respondent.

Before: RAWLINSON and BYBEE, Circuit Judges, and BURNS,* District Judge.

* The Honorable Larry Burns, United States District Judge for the Southern District of

## MEMORANDUM **

Laborers' International Union of North America, Local Union No. 169 ("the Union") appeals a decision by the National Labor Relations Board ("NLRB" or "Board") finding that the Union violated Section 8(b)(3) of the National Labor Relations Act ("NLRA") by refusing to bargain with Frehner Construction Co., Inc. ("Frehner"). The NLRB has submitted a cross-application for enforcement of the Board's decision. The facts are known to the parties, and we do not repeat them here.

■ The Union argues that it had no obligation to bargain because Frehner was already bound to the terms of a collective-bargaining agreement negotiated by Associated General Contractors of America, Inc. ("AGC"). The Union asserts that the NLRB erred in determining that Frehner withdrew its proxy from AGC because the NLRB failed to apply general agency principles, failed to apply the standard under *Retail Associates, Inc.*, 120 NLRB 388 (1958), and failed to find that Frehner's withdrawal was ineffective under *James Luterbach Construction Co., Inc.*, 315 NLRB 976 (1994).

■ Nothing in the NLRA or prior case law establishes that general agency principles *must* govern when determining whether a proxy-withdrawal is effective for relationships governed by Section 8(f). The NLRB has reasonably balanced the competing interests at stake and found that in order to be bound by the negotiations of a multiemployer unit, either the employer or the multiemployer association must engage in some affirmative expression that indicates to the Union that the employer intends to be bound by the terms of a new agreement. *See Luterbach*, 315 NLRB at 980 (plurality opinion); *id.* at 982 (concurring opinion). Moreover, based on these same principles the NLRB has reasonably concluded that the rule established in *Retail Associates* does not apply in the 8(f) context. *Id.* at 979, 982. Because there is no evidence of an affirmative expression from AGC or Frehner indicating to the Union that Frehner intended to be bound by a successive agreement, the Union's petition must fail.

The Union's **PETITION FOR REVIEW IS DENIED;** the NLRB's **CROSS-APPLICATION FOR ENFORCEMENT IS GRANTED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

